UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CATHERINE ANN KING,

    Plaintiff,

v.                                                       Case No: 2:17-cv-625-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Catherine Ann King's Complaint, filed on November 15, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

B.     **Procedural History**

On July 28, 2015, Plaintiff filed an application for disability insurance benefits. (Tr. at 141, 249-52). Plaintiff asserted an onset date of June 15, 2015. (*Id.* at 249). Plaintiff's application was denied initially on October 9, 2015, and on reconsideration on January 12, 2016. (*Id.* at 141, 154). Administrative Law Judge Elizabeth Ebner ("ALJ") held a hearing on December 7, 2016. (*Id.* at 35-71). The ALJ issued an unfavorable decision on March 29, 2017. (*Id.* at 11-29). The ALJ found Plaintiff not to be under a disability from June 15, 2015, through the date of the decision. (*Id.* at 28).

On September 26, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on November 15, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 18).

C.     **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through September 30, 2021. (Tr. at 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 15, 2015, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "Status-post cervical fusion; cervical, thoracic, and lumbar degenerative disc and joint disease; diabetes mellitus; mild carpal tunnel syndrome; fibromyalgia; osteoarthritis of the bilateral knees; remote history of right hand crush injury; obesity (20 [C.F.R. §] 404.1520(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id*. at 18).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b). She can lift, carry, push, and/or pull up to twenty pounds occasionally and ten pounds frequently, and can sit for up to six hours and stand and/or walk for up to six hours in an eight-hour workday. She can frequently handle, finger, and reach overhead and in all other directions. She can occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl. She can tolerate occasional exposure to vibrations, but

can have no exposure to unprotected heights or dangerous moving mechanical parts.

(*Id.* at 19).

The ALJ determined that Plaintiff was capable of performing her past relevant work as a management trainee and the composite job of toll collector/drawbridge operator. (*Id.* at 28). The ALJ concluded that Plaintiff was not under a disability at any time from June 15, 2015, through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560;

*accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.     Analysis**

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1) Whether substantial evidence supports the ALJ's decision that Plaintiff could perform her past relevant work.

(2) Whether the ALJ erred in failing to state the weight given the opinion of consulting examiner psychologist Dr. Kasprzak.

(3) Whether substantial evidence supports the ALJ's failure to find Plaintiff's mental impairments severe and to reflect relevant limitations in the RFC.

(Doc. 24 at 13, 18, 22).

**A.     Whether Substantial Evidence Supports the ALJ's Decision that Plaintiff Could Perform Her Past Relevant Work**

Plaintiff argues that the ALJ erred in finding that Plaintiff could perform her past relevant work of the composite job of toll collector/drawbridge operator. (Doc. 24 at 13). Plaintiff claims that her actual job included job functions not encompassed by this composite job identified by the vocational expert. (*Id.* at 14). In addition, Plaintiff claims that the ALJ erred in identifying her other past relevant work as a management trainee when in actuality Plaintiff performed this position as a composite job of management trainee and stock clerk. (*Id.*).

The Commissioner contends that as to the toll collector/drawbridge operator, Plaintiff did not testify at the hearing as to additional duties, but only listed these additional duties in her work history report. (*Id.* at 17). The Commissioner also contends that the ALJ is entitled to give more weight to Plaintiff's sworn testimony than to her previously written statements. (*Id.*). Further, the Commissioner argues that Plaintiff cites no evidence to support the assertion that her management trainee position is a composite job. (*Id.* at 18).

5

At the fourth step of the sequential evaluation, the burden lies with Plaintiff to show that she cannot return to her past relevant work as she actually performed it or as it is performed in the general economy. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 830 (11th Cir. 2013); *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010). Even though the burden lies with Plaintiff, the ALJ must consider all of the duties of Plaintiff's past relevant work and evaluate Plaintiff's ability to perform that work in spite of her impairments. *Levie*, 514 F. App'x at 830.

The analysis differs when a plaintiff's past relevant work qualifies as a composite job. *Smith v. Comm'r of Soc. Sec.*, 2018 WL 3598635, at *3 (11th Cir. July 26, 2018). A composite job is one that has "'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT.'" *Id.* (quoting SSR 82-61 at *2). For past relevant work to qualify as a composite job, the main duties of the past relevant work must include multiple DOT occupations as described by the plaintiff. *Id.* (citing Program Operations Manual System ("POMS") DI 25005.020). "When the claimant's previous work qualifies as a composite job, the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform his previous work as actually performed." *Id.* (citing SSR 82-61 at *2).

The Court addresses Plaintiff's past relevant work as a toll collector/drawbridge operator and then turns to her past relevant work as a management trainee.

*Toll Collector/Drawbridge Operator*

Plaintiff argues that even though the two job titles of toll collector and drawbridge operator contain many of the functions of Plaintiff's actual composite job, these job titles do not include other functions such as "helping push broken-down cars from the toll lanes, driving the county truck, or sweeping toll lanes (Tr. 289)." (Doc. 24 at 14). Plaintiff also argues that

6

Plaintiff's actual composite job was performed at the heavy or very heavy level and not at the light level. (*Id.*). Plaintiff claims that her prior work as a toll collector/drawbridge operator fell outside of Plaintiff's RFC for light work.

In Plaintiff's Work History Report, Plaintiff described her past relevant work as collecting tolls, "cash pick up, drive county truck when needed, operate draw bridge [sic] when needed, sweep toll lanes, [and] move traffic cones in road." (Tr. at 289). She also wrote that she "[s]ometimes helped push broken down car[s] from toll lane." (*Id.*). By contrast, at the hearing Plaintiff testified that her job as a toll collector allowed some sitting and also walking to attend the lanes outside of the booth, move traffic cones at different times of the day, and operate the drawbridge. (*Id.* at 42). The ALJ specifically asked if there was any lifting for this job other than the traffic cones on average and Plaintiff responded, "[n]o, I think it was mostly the cones" that weighed approximately five (5) pounds each. (*Id.* at 42-43).

The Court finds that the ALJ's decision to classify Plaintiff's past relevant work as a toll collector/drawbridge operator is supported by substantial evidence. An ALJ as a trier of fact has the duty to weigh the evidence and resolve any conflicts of evidence. *Glover v. Comm'r of Soc. Sec.*, No. 3:10-CV-971-J-34MCR, 2012 WL 84775, at *8 (M.D. Fla. Jan. 11, 2012) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005)). Here, Plaintiff's testimony at the hearing did not support Plaintiff's statements on the Work History Report. The ALJ accepted Plaintiff's testimony at the hearing that she moved cones that weighed approximately five (5) pounds and, thus, her past relevant was actually performed at a less than light level. (*See* Tr. at 28, 46-47). Further, Plaintiff was represented at the hearing by counsel. (Tr. at 35). Thus, counsel could have elicited additional testimony concerning any of Plaintiff's alleged additional

7

job duties. Plaintiff does not cite to any testimony at the hearing that supports her prior statements concerning her job duties.

For the foregoing reasons, the Court finds that the ALJ did not err in finding Plaintiff can return to her past relevant work as a toll collector/drawbridge operator and the ALJ's decision as to this issue is supported by substantial evidence.

*Management Trainee*

Plaintiff argues that her past relevant work was not solely as a management trainee, but instead was a composite job of management trainee and stock clerk. (Doc. 24 at 14). Plaintiff claims that her stock clerk duties were performed at a heavy level. (*Id.*). In her Work History Report, Plaintiff wrote that her duties included, " walk, stock, load items to stock, cust. serv., cashier, clean store, collect shopping carts, make bank deposits, change helium tanks." (Tr. at 291). As to lifting, Plaintiff wrote that she lifted or carried "store item cases to stock, change helium tanks, store room to floor, area to be stocked" and the heaviest weight she lifted was 100 lbs or more. (*Id.*). Plaintiff testified at the hearing that she was a cashier, then part-time assistant manager, and then full-time assistant manager. (*Id.* at 41). She also testified that she needed to be able to lift 25 to 50 pounds when moving boxes and stocking. (*Id.*).

For this job to be considered a composite job, it must contain significant elements of two or more occupations, have no counterpart in the DOT, and the "main duties of this occupation must include multiple DOT occupations." *See Smith*, 2018 WL 3598635, at *3. Here, after listening to the testimony at the hearing, the vocational expert classified Plaintiff's past relevant work as a management trainee that is generally classified at the light exertional level, but Plaintiff testified that the job as she actually performed it was at the heavy exertional level. (*Id.* at 62). When the ALJ posed the hypothetical that limited an individual to the light exertional

8

level, the vocational expert testified that this individual could perform the job of management trainee as it is normally performed in the national economy. (*Id.* at 64). Thus, even though Plaintiff testified that her past relevant work as a management trainee had some duties relating to stocking merchandise, she has not established that her main duties included those of both a stock clerk and management trainee.

Accordingly, the Court finds that the ALJ did not err in finding that Plaintiff's past relevant work was as a management trainee and did not err in finding that Plaintiff could perform the job of management trainee as it was generally performed. Further, the Court finds that substantial evidence supports the ALJ's decision.

**B.  Whether Substantial Evidence Supports the ALJ's Consideration of Dr. Kasprzak's Opinion**

Plaintiff argues that the ALJ erred in failing to specify the weight she afforded Cheryl Kasprzak, Psy.D.'s opinion. (Doc. 24 at 20).

The Commissioner argues that even though the ALJ did not use the word "weight" when evaluating Dr. Kasprzak's opinion, the ALJ "clearly identified the reasons she did not credit Dr. Kasprzak's finding of cognitive deficits (Tr. 15-16)." (*Id.* at 21).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79

(11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In the instant case, Dr. Kasprzak is a State agency one-time examining psychologist and, thus, is not a treating physician. (Tr. at 548-51). Even though examining doctors' opinions are not entitled to deference, an ALJ is nonetheless required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

Plaintiff argues that the ALJ failed to specify the weight afforded to Dr. Kasprzak's opinion. (Doc. 24 at 20). Further, Plaintiff claims that Dr. Kasprzak's opinion contained the

following findings: limited mathematical abilities; below average immediate, recent, and remote memory; and below normal limits for attention and concentration. (*Id.*).

In the decision, the ALJ did not specifically use the term "weight" when discussing Dr. Kasprzak's opinion. The ALJ did, however, accurately summarize in detail Dr. Kasprzak's evaluation. (Tr. at 15-1624-25). In this summary, the ALJ noted, *inter alia*, that Plaintiff was unable to solve a simple math problem, could not recall objects or digits after a delay, and had impaired attention and concentration. (*Id.* at 16). The ALJ also emphasized that that "Dr. Kasprzak warned that the reliability of the examination was 'questionable.'" (*Id.*). Further, the ALJ noted:

> [T]he claimant's performance is further called into question by the entirely intact presentation she exhibited on numerous mental status examinations administered by her treating medical and neurological providers, as well as subsequent evidence showing that she had displayed "exaggerated pain behaviors" and exhibited a "number of inconsistencies" and "multiple invalid measures" during a Functional Capacity Evaluation in 2016. (Ex. 16F/22-25). Moreover, the record shows that the claimant has reported a long history of depression and anxiety symptoms, but had never sought specialized mental health treatment as of the hearing in this case, and these problems did not prevent her from performing her past skilled and semi-skilled work. The claimant testified at hearing that she has been working as a Cashier Checker at Goodwill between 24 and 32 hours per week, and the vocational expert classified this work as semi-skilled. The nature of this work also inherently requires significant social contact. Dr. Kasprzak diagnosed the claimant with an "unspecified depressive disorder" and a history of a severe alcohol use disorder in sustained remission. (Ex. 5F). She did not provide an opinion regarding the claimant's functional abilities or limitations, but did find her to have a "fair" prognosis for gainful employment and assessed that the claimant could manage her own finances independently.

(*Id.*).

Here, the Court finds that the ALJ erred in failing to state the particular weight given to Dr. Kasprzak's opinion. However, based on the record as a whole, the Court finds this error harmless. The ALJ discussed Dr. Kasprzak's opinion in detail, noted that Dr. Kasprzak found Plaintiff's mental status examination questionable, found that other medical providers found

11

Plaintiff to have displayed exaggerated pain behaviors, and found that Plaintiff reported a long history of depression and anxiety symptoms, but had never sought specialized mental health treatment and worked while alleging these symptoms. (*Id.*). The ALJ's discussion of Dr. Kasprzak's opinion was "in depth and does not leave us wondering how the ALJ came to [her] decision." *Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016). The ALJ's decision demonstrates thoughtful consideration of the findings and supports the overall conclusion regarding Plaintiff's mental health limitations. *See id.*

For the foregoing reasons, the Court finds that the ALJ erred in not stating with particularity the weight she afforded Dr. Kasprzak's opinion. However, based on the entire record, the Court finds this error harmless. Further, the Court finds that the ALJ's decision is supported by substantial evidence as to this issue.

### C. Whether Substantial Evidence Supports the ALJ's Failure to Find Plaintiff's Mental Impairments Severe and to Reflect Relevant Limitations in the RFC

Plaintiff argues that the ALJ erred in failing to find Plaintiff's depression a severe impairment and to include relevant limitations in the RFC related to this impairment. (Doc. 24 at 22).

The Commissioner argues that Plaintiff failed to meet her burden of proving that her depression is a severe impairment. (*Id.* at 25). Further, the Commissioner asserts that Plaintiff did not establish that her mental condition would have affected her ability to perform basic mental work activities. (*Id.*).

In evaluating this issue, the Court notes that, at step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work

experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

In the Eleventh Circuit, however, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Instead, the ALJ is only required to consider a claimant's impairments in combination, whether severe or not. *Id.* If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-42 (11th Cir. 2014) (internal citations omitted).

Here, the ALJ found that Plaintiff suffered from the following severe impairments: "Status-post cervical fusion; cervical, thoracic, and lumbar degenerative disc and joint disease; diabetes mellitus; mild carpal tunnel syndrome; fibromyalgia; osteoarthritis of the bilateral knees; remote history of right hand crush injury; obesity." (Tr. at 15). Thus, the ALJ found that Plaintiff met the requirements at step 2 and continued with the sequential evaluation. (*Id.*).

In addition, so long as the ALJ considered Plaintiff's severe impairments in combination with Plaintiff's non-severe impairments – including her alleged mental impairments – any potential error is harmless. *See Griffin*, 560 F. App'x at 841-42. Here, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 [C.F.R. §] 404.1529 and SSRs 96-4p." (Tr. at 19). Further, the ALJ thoroughly considered Plaintiff's mental limitations in discussing Dr. Kasprzak's evaluation, as well as other medical evidence concerning Plaintiff's mental health symptoms and limitations. (*Id.* at 15-18). Based on the ALJ's review of the medical records in the decision, the Court finds no error because the ALJ considered all of Plaintiff's impairments, whether severe or non-severe, in combination. Therefore, any potential error by the ALJ is harmless. *See Griffin*, 560 F. App'x at 841-42.

The ALJ further considered these findings in evaluating Plaintiff's RFC. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a plaintiff's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In this case, Plaintiff states that "[t]he ALJ's failure to find Plaintiff's mental impairments severe and to include relevant limitations in the RFC led to a decision unsupported by substantial evidence." (Doc. 24 at 24). Here, as stated above, the Court finds that the ALJ considered Plaintiff's mental impairments, but found them not severe. Plaintiff states generally that the ALJ should have included relevant limitations, but does not state what work limitations should have been included in the RFC. Thus, Plaintiff failed to prove that her mental impairments, whether severe or not severe, would have caused additional limitations in her ability to work or prevented her from performing her past relevant work.

For the foregoing reasons, the Court finds that the ALJ did not err in failing to find Plaintiff's mental impairments severe and even if the ALJ erred, the error was harmless because the ALJ found other impairments severe and continued to step 3 of the sequential evaluation. The Court further finds that the ALJ did not err in Plaintiff's RFC determination.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

Accordingly, it is hereby **ORDERED** that:

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 15, 2019, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties